MAYER v. COMMONWEALTH TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. PLEADING—BILL OF PARTICULARS—REFUSAL OF DEMAND.

The mere fact that a demand for a bill of particulars is too broad is not of itself cause for denying it.

2. SAME.

Where defendant in an action for conversion, after answer, moves for a bill of particulars, the mere fact that its answer displays a knowledge of certain transactions between itself and plaintiff, which, however, do not appear to furnish grounds for the action, is not ground for denying the motion.

3. SAME—PURPOSE OF BILL OF PARTICULARS.

It is a well-recognized function of a bill of particulars to amplify the complaint and define the issues to be litigated at the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 949.]

Appeal from Special Term.

Action by Charles W. Mayer against the Commonwealth Trust Company of New York. From an order denying a motion for a bill of particulars, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

D. Cady Herrick, for appellant.

Charles F. Williams, for respondent.

PER CURIAM. The defendant's motion for a bill of particulars should have been granted, although it may be that the demand therefor is too broad. It is true that the defendant's answer displays a knowledge of certain transactions between itself and the plaintiff. These transactions, as recited in the answer, do not, however, appear to furnish grounds for an action for conversion such as plaintiff now brings. The defendant is therefore entitled to a bill of particulars showing upon what transactions the plaintiff claims that defendant has been guilty of conversion. It is a well-recognized function of a bill of particulars to amplify the complaint and define the issues to be litigated at the trial.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion granted. Settle order on notice.