Judgment and order reversed and new trial granted. Order to be settled on notice.

---

NATHAN L. MOORE, Respondent, *v.* ORRIN L. TAYLOR, Appellant.

Third Department, November 15, 1916.

Parties — equitable owner of farm — purchaser in possession under contract of sale — action for damages for burning of barn — insurance company which has paid loss a proper party — pleading — judgment.

A purchaser of a farm under a contract of sale, having been in possession thereof for many years, is the real and equitable owner and entitled to maintain an action for damage to a barn caused by fire.

After an insurance company has paid such owner the insurance for his loss by fire, said owner and the company become joint owners of the cause of action against a mill owner for negligence in causing the fire, and said insurance company should be made a party to the action.

Where, in such an action by the owner of the farm against the owner of the mill, the defense of defect of parties was explicitly taken at the trial and sufficiently pleaded, although the answer was somewhat indefinite

and uncertain as to whether the defendant intended to plead a defect of parties or the fact of payment of the insurance money in mitigation of damages, the Appellate Division may, instead of reversing the judgment, permit a deduction of the amount of insurance paid.

APPEAL by the defendant, Orrin L. Taylor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 13th day of October, 1915, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*D. B. Lucey* [*W. G. Kellogg* of counsel], for the appellant.

*George H. Bowers*, for the respondent.

COCHRANE, J.:

Plaintiff has a judgment for the burning of a barn and its contents, which fire was caused by a spark from the smoke stack of a steam saw mill owned by the defendant. That the fire thus originated; that defendant was negligent in permitting the use of his mill without a spark arrester on the smoke stack and that the plaintiff was free from negligence contributing to the fire, are facts which have been found by the jury on sufficient evidence. The mill seems to have been a menace to property in its immediate vicinity, and that the defendant and those operating the mill were cognizant of the danger is clearly established and appears among other things from the fact that on the day of the fire the wind was blowing the smoke from the smoke stack over the plaintiff's barn and that the operation of the mill was suspended until the wind shifted sufficiently so that as the defendant claims the smoke was not blowing entirely in the direction of the barn. Different objects had frequently taken fire from sparks from the smoke stack, and as the jury has found the plaintiff had notified the defendant of the danger and the latter was well informed in respect thereto.

Plaintiff had for many years occupied the farm on which was the barn in question under a contract of sale. The legal title was in the vendor, but he held such legal title only as security for the unpaid purchase price, the real and equitable owner

being the vendee. (*Clarke* v. *Long Island Realty Company*, 126 App. Div. 282.) That the plaintiff as the equitable owner and the person in possession has been damaged for which he can recover is well established by authority. (*Rood* v. *New York & Erie Railroad Company*, 18 Barb. 80; *Gardner* v. *Heartt*, 2 id. 165; *McKechnie* v. *Sterling*, 48 id. 330; *Honsee* v. *Hammond*, 39 id. 89; *Pelton* v. *Westchester Fire Insurance Company*, 77 N. Y. 605.) Whether the vendor should have been made a party to the action in conjunction with the vendee is a question not raised by the pleadings even if it would be available to the defendant if pleaded.

The property destroyed was covered by insurance and the insurance company adjusted the loss at $850 and paid the same to the plaintiff. The insurance company thereby became subrogated to the rights and remedies of the plaintiff as against the defendant to the extent necessary to reimburse itself for such payment. The plaintiff and the insurance company after such payment were joint owners of the cause of action against the defendant and the insurance company should have been made a party to the action. (*Connecticut Fire Insurance Company* v. *Erie Railway Company*, 73 N. Y. 399; *German-American Insurance Company* v. *Standard Gas Company*, 67 App. Div. 539; *Munson* v. *New York Central & Hudson River Railroad Company*, 32 Misc. Rep. 282, and cases there cited.) The last case was cited with approval in *Jacobs* v. *New York Central & Hudson River Railroad Company* (107 App. Div. 134). This defense of a defect of parties was explicitly taken at the trial. It is sufficiently pleaded, although the answer leaves it somewhat indefinite and uncertain as to whether the defendant intended to plead a defect of parties or whether he intended to plead the fact of payment of the insurance money in mitigation of damages. It may be that the plaintiff was misled by the form of the allegations in the answer into thinking that the latter theory was what the defendant intended. Pleadings are to be liberally construed with a view to substantial justice between the parties (Code Civ. Proc. § 519), and in view of the somewhat uncertain purpose of the allegations in the answer we are disposed to give effect thereto as it may have been understood by the

plaintiff, and instead of reversing the judgment permit a deduction of the amount of insurance paid from the judgment. The verdict of the jury was $1,500, and if the insurance which has been paid the plaintiff be deducted from this amount the plaintiff will be receiving full indemnity for his loss and the defendant will not be required to pay twice for the same thing and substantial justice will result to both parties.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to deduct $850 from the judgment as of the date of its entry, in which event the judgment and order should be affirmed, without costs.

Judgment and order reversed and new trial granted, with costs to the appellant to abide event, unless the plaintiff stipulates to deduct $850 from the judgment as of the date of its entry, in which event the judgment is so modified and as modified judgment and order unanimously affirmed, without costs. KELLOGG, P. J., not sitting.