STEPHEN J. ZECCHINI, Respondent, *v.* FRANCIS R. MAYER and CHARLES MAYER, Appellants, Impleaded with CHESTER THOMPSON, Defendant.

First Department, February 4, 1921.

**Pleadings — purpose of bill of particulars and of examination before trial — right to have bill of particulars served before examination of defendant before trial — inability of plaintiff to state definitely particulars required.**

The office of a bill of particulars is to limit the issues under the pleadings. The examination before trial is for the purpose of adducing evidence to be used upon the trial of the issues, except in those cases where it is expressly granted to enable the plaintiff to frame a pleading or to obtain information necessary to enable him to give a bill of particulars.

In an action to recover for services rendered in introducing the defendants to prospective customers, in which the plaintiff secured an order for the examination of one of the defendants before trial concerning the agreement, the names and addresses of the various business houses, officials and agents to whom the plaintiff introduced the defendants and as to the amount of the business which the defendants did with them, the defendant was entitled to have served, before the examination, a bill of particulars covering execution of the alleged agreement, the circumstances of the alleged introductions and the names and addresses of the people with whom the defendants did the alleged business, for the examination was to procure evidence of the defendant to be used on the trial and until the bill of particulars was served the relevancy and materiality of the evidence to the issues could not be determined.

If the plaintiff is unable to state definitely the particulars required as to the people with whom the defendants did business he may make the best statement possible and state his reasons for not giving greater detail.

APPEAL by the defendants, Francis R. Mayer and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of December, 1920, granting plaintiff's motion to open his default in serving a bill of particulars.

*Carroll G. Walter* of counsel [*Patterson, Eagle, Greenough & Day,* attorneys], for the appellants.

*Louis Boehm,* for the respondent.

PAGE, J.:

The plaintiff sues to recover $450,000 for services rendered in introducing the defendants to various business firms and to various officials and agents of the French government with whom he claims the defendants subsequently did business for which they received $30,000,000.

On June 1, 1920, the plaintiff secured an order for the examination of the defendants Mayer before trial with respect to the following matters:

1. The alleged agreement set forth in the complaint; 2. The names and addresses of the various business houses, officials and agents of the French government to whom the plaintiff introduced the defendants; 3. The amount of business the defendants did and the amount of net profits realized by them as a result of such introduction.

Thereafter, and on July 6, 1920, the defendants moved to vacate or modify the order for the examination before trial and also moved for a bill of particulars of the plaintiff's complaint, setting forth in detail:

" (1) The date when, the place where, and persons through or by whom plaintiff claims defendants entered into the alleged agreement.

" (2) Whether the agreement was oral or in writing.

" (3) The full names and addresses of the various business houses and various officials and agents of the French Government to which and to whom the plaintiff claims he introduced the defendants and the dates when and the places where he claims such introductions were made.

" (4) The names and addresses of the business houses and the officials and agents of the French Government with which the plaintiff claims the defendants did business for which they received the sum of $30,000,000, as alleged in paragraph V of the complaint."

On July 9, 1920, the motion to vacate the order for examination was denied and the motion requiring the plaintiff to serve a bill of particulars was granted as to items 1 and 2. On appeal to this court the first order was affirmed and the second modified by including items 3 and 4. (193 App. Div. 950.) The order as modified was served on October 30, 1920, hence the time to serve the bill of particulars expired on

November 9, 1920. The order affirming the order for the examination was entered on November sixth, and the date for the examination was set for November 12, 1920. The plaintiff failed to comply with the order requiring him to serve a bill of particulars, and defendants made a motion to preclude testimony, which was granted without prejudice to a motion by plaintiff to open his default. The order also restrained the plaintiff from proceeding with the examination. The plaintiff thereupon moved to open his default in serving the bill of particulars. The motion was granted on the payment of ten dollars costs, and the time to serve the bill of particulars was extended thirty days from December 6, 1920, the order restraining the plaintiff from proceeding with the examination was vacated, and the examination directed to proceed on December 20, 1920.

The office of a bill of particulars is to limit the issue under the pleadings. The examination before trial is for the purpose of adducing evidence to be used upon the trial of the issues, except in those cases where it is specifically granted to enable the plaintiff to frame a pleading or to obtain information necessary to enable him to give a bill of particulars. The order for examination of the defendants herein was obtained after answer and before a bill of particulars had been ordered. Obviously, therefore, it was to procure the evidence of the defendants for use upon the trial. Until the bill of particulars has been served, the relevancy or materiality of the evidence to the issues cannot be determined.

The plaintiff certainly knows the date when and the place where and the persons through or by whom he claims the agreement sued upon was made, whether it was oral or in writing, and the names and addresses of the persons to whom he claims he introduced the defendants. If he is unable to state definitely the particulars required in the 4th item, he can make the best statement possible and state his reasons for not giving greater detail. It is evident that some of the details are known to the defendants and not to the plaintiff and will be the proper subject of the examination.

The order will, therefore, be modified, by fixing the time for the defendants Mayer's examination ten days after the bill of particulars shall have been served, and as so modified

affirmed, with ten dollars costs and disbursements to the appellants; the bill of particulars to be served thirty days after service of the order to be entered hereon, pursuant to stipulation of the parties.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order modified as directed in opinion, and as so modified affirmed, with ten dollars costs and disbursements. Settle order on notice. Motion for stay granted.