CHARLOTTE W. SISSON, Plaintiff, *v.* JOHN HASSETT, Defendant.

Supreme Court, Yates County, March 25, 1935.

*Wilfrid E. Rhodes,* for the defendant, for the motion.

*Truesdale, Clarke, Sheehy & Taylor,* for the plaintiff, opposed.

PERSONIUS, J. The complaint alleges that the defendant's automobile collided with the plaintiff's automobile, damaging the latter in the sum of $250, for which the plaintiff asks judgment. Prior to the commencement of this action, the defendant was notified by the attorneys for the General Exchange Insurance Corporation (hereinafter called the Insurance Company), that it had paid the plaintiff part of her damage and was subrogated to that extent. Nevertheless, the plaintiff here seeks to recover her entire damage.

From the motion papers, which include the papers on a former motion, it appears that the plaintiff carried what is known as a

fifty-dollar deductible collision policy with the Insurance Company; that following the accident the Insurance Company paid the plaintiff the amount of her damage less fifty dollars. Whether the policy contained a subrogation clause does not appear, but even if it did not, upon making such payment the Insurance Company became subrogated to the extent of such payment to the plaintiff's claim against the defendant. Thereafter the plaintiff could not release or in any way control that part of her claim. (*Ocean A. & G. Corp.* v. *Hooker Electrochem. Co.*, 240 N. Y. 37, 50.) The plaintiff's attorneys in their brief here say: " The General Exchange Insurance Corporation is willing to admit that it is subrogated to the rights of the plaintiff to the extent that, from any recovery, it is entitled to receive from the plaintiff what it has already paid out."

The defendant here asks that the Insurance Company be brought in as a party on the ground that it is a necessary and proper party and that there is, therefore, a defect of parties.

The Insurance Company occupies " the position of subrogee;" the payment by it worked " what amounted to an assignment " of a right of action against the defendant which is not controlled by the insured plaintiff. (*Ocean, etc., Co.* v. *Hooker, etc., Co., supra.*) The Insurance Company by its payment to plaintiff became the absolute owner of a proportionate interest in her claim. To this extent the Insurance Company is a necessary party, the real party in interest, in whose name the action for its portion of the claim must be brought. (Civ. Prac. Act, § 210; *Moore* v. *Taylor*, 175 App. Div. 37, 39; *Munson* v. *N. Y. Central & H. R. R. R. Co.*, 32 Misc. 282; cited with approval in *Porter* v. *Lane Construction Corp.*, 212 App. Div. 528; affd., 244 N. Y. 523.)

We hold that there is a defect, non-joinder, of parties. This does not defeat the action. (Civ. Prac. Act, § 192.) The necessary party may be brought in. (Civ. Prac. Act, § 193.) Each owner of a part of a claim has a cause of action and may sue by joining the other part owner. There may be a valid assignment of part of one cause of action or claim but it may not be split and an action at law brought by each partial owner. (*Carvill* v. *Mirror Films, Inc.*, 178 App. Div. 644, 647.) Formerly a partial owner might enforce his claim in equity because there other parties could be joined. Under the Code, and particularly under the Civil Practice Act, a partial assignee may enforce his claim in an action at law; he may there make the other part owner a party. (2 Carmody N. Y. Prac. § 503, p. 808; *Porter* v. *Lane Construction Corp.*, 212 App. Div. 528; affd., 244 N. Y. 523.) In these cases separate actions by an insured and insurer (subrogee) were sustained *because the question of defect of parties was not properly raised and was waived.*

In the present action an affirmative defense alleging that the Insurance Company was the real party in interest was stricken out at Special Term in Yates county. But the question here is not whether this plaintiff has or states a cause of action or whether the subrogation is a bar, but whether there is a defect of parties. The plaintiff has a cause of action for her part of the claim. She is to that extent a party in interest.

Though the defect in parties is not a bar to the action, the defendant cannot safely ignore it. He might thereby waive it. (Civ. Prac. Act, § 278.) " The proper motion under the Civil Practice Act, however, is a motion to compel an amendment to the complaint by adding the other part owners. * * * If the defendant thus moves, the plaintiff now may and must bring in the other part owners." (2 Carmody N. Y. Prac. § 504, p. 811.) " If the debtor moves, the plaintiff must then bring in the others." (*Porter v. Lane Construction Corp.*, 212 App. Div. 528, 531.) Such is the defendant's motion here.

The plaintiff relies on an agreement signed by the plaintiff reading as follows:

" I hereby authorize the Attorneys for General Exchange Insurance Corporation to institute suit in my behalf either in my name alone as plaintiff or in my name with General Exchange Insurance Corporation as Co-Plaintiff against John Hassett.

" It is understood that I am not required to pay for any legal services if there is no recovery and that I will cooperate with General Exchange Insurance Corporation and its attorneys in collecting the evidence and preparing the case for trial, and that both the driver of my car and myself will appear at the trial as witnesses, if that is necessary.

" I further authorize the Attorney for General Exchange Insurance Corporation to compromise or settle my claim without litigation and hereby agree that the Attorney will be the sole judge in determining the advisability of settlement and that any compromise or settlement effected by him shall be binding upon and acceptable by me and that I will execute any releases or documents necessary in this connection.

" It is further understood that in the event a judgment is recovered and collected or should a compromise settlement of the claims be effected, the Attorneys will deduct their fee and expenses and I shall receive that proportion of the net amount which my claim of $50.00 bears to the total amount of the claims of the General Exchange Insurance Corporation or myself.

" Dated *Aug.* 17, 1932.                    " CHARLOTT SISSON."

It will be noted that the Insurance Company is not a party or signatory to this agreement. Certainly it does not reassign its interest in the plaintiff's claim to her for the purpose of suit or otherwise. In effect it authorizes the attorneys to bring suit for the plaintiff's claim without expense to her, and provides for the division of the proceeds of such suit or of a compromise thereof. Notwithstanding this agreement the Insurance Company continued to be the owner of the larger part of the plaintiff's claim against the defendant.

The plaintiff urges that she would be prejudiced by having it appear that an insurance company had paid a portion of her damages. It is the policy of the court to withhold from a jury any information as to whether a party is or is not insured, but when an insurance company is or becomes the owner of a cause of action, or liable in an action, we know of no way to avoid making it a party.

The plaintiff's preliminary objection raised on special appearance is denied. ( *United States Trust Co.* v. *Greiner,* 124 Misc. 458.)

The motion is granted. Submit order accordingly.