Santry, J.
This is a motion by the defendant to require the plaintiff, Robert Townsend, to furnish further particulars pursuant to a demand heretofore made. The said plaintiffs have furnished a bill of particulars of some of the items contained in the demand, but have failed to furnish any particulars as to the following items required therein:
“ 6. If plaintiff Robert Townsend’s automobile is covered by collision insurance, state the name and address of the collision carrier;
‘ ‘ 7. State whether or not said collision policy covers the plaintiff Robert Townsend’s car for full collision loss or whether there is a deductible provision contained therein;
“8. If said policy contains a deductible provision, state the amount of the same;
*1032 “ 9. State whether or not a collision insurance carrier has paid the whole or part of the damages alleged to have been caused to the plaintiff Robert Townsend’s car, and also give the date of such payment and the amount thereof. ’ ’
In this action, the plaintiff, Robert Townsend, is seeking to recover damages for personal injuries and property damages to his automobile, which he alleges were caused by the negligence of the defendant.
The defendant in his moving papers states that he has been advised that this plaintiff has been paid all, or substantially all, of the damages to his automobile, by an insurance company which had issued a collision insurance policy thereon; that by reason thereof such insurance company is a necessary and proper party to the action; that the plaintiff’s recovery should be limited by the amount paid by the insurance company, and that in order to properly protect his interests and meet the issues that will arise, he should be informed by a bill of particulars regarding the items specified.
The plaintiff in his complaint alleges that, by reason of the injury to his automobile and the loss of use of the same, he has suffered damages to the amount of $500. In his bill of particulars he lists the items of damages and the costs of repairs at $210.25, sets up 27 weeks’ loss of use of and places the depreciation to the automobile by reason of the accident at $250.
If the plaintiff is entitled to recover and had no collision insurance, or if he had such insurance but has received no payment therefrom, he is entitled to recover the full amount of the damages to his automobile. If he had insurance and has received from the insurance carrier the full amount of his damages, he cannot recover anything from the defendant. If he had such insurance and has received from the insurance carrier payment for part but not all of the damages, he can recover the amount of his damages, less the amount paid by the insurance carrier.
If the insurance carrier has paid the plaintiff under his policy, it has been subrogated to his claim for damages against the defendant to the extent of the payment, either completely or partially, depending on whether such payment was for the full amount or only for part of the damages sustained.
If such payment was partial, then the cause of action against the defendant is split between the plaintiff and the insurance carrier, the latter is a necessary and proper party to this action, and may be brought in upon application by the defendant. Unless the insurance carrier is brought in there is a defect in the parties to this action caused by the nonjoinder. (Ocean A. & G. Corp. v. *1033 Hooker Electrochemical Co., 240 N. Y., 37; Sisson v. Hassett, 155 Misc. 667; Yezek v. Delaware, Lackawana & Western R. R. Co., 176 Misc. 553; Simpson v. Hartranft, 157 Misc. 387).
It is important for the defendant to know whether there has been any reimbursement of the plaintiff for his damages, and if so, whether the same was partial or complete. From the very nature of the situation, this information is, for all practical purposes, exclusively within the control of the plaintiff. If the defendant is to be in a position to protect his interests, it will be necessary for him to obtain this information.
It does not follow, however, that a bill of particulars is the proper remedy. The purpose of a bill of particulars is to limit the issues under the pleadings, to apprise the defendant of the items which plaintiff expects to prove, and to restrict the proofs to the matter specified. (Matthews v. Hubbard, 47 N. Y. 428; Zecchini v. Mayer, 195 App. Div. 423.) Its function is to amplify the complaint and define the issues to be litigated at the trial. (Mayer v. Commonwealth Trust Co., 124 App. Div. 932). It is addressed to matters within the pleadings.
Here the defendant is seeking information outside of the pleadings to enable him to establish an affirmative defense not yet pleaded, or to enable him to move to bring in an additional party. This is beyond the limits of the functions of a bill of particulars.
There is another and very practical reason why an order should not be made directing the plaintiff to furnish the particulars requested. That is the lack of capacity in the court to enforce such an order. If the plaintiff should fail or refuse to obey the order, the only penalty which he would incur would be an order precluding him for giving evidence at the trial of the items of which particulars had not been delivered. (Rules Civ. Prac., rule 115.)
Such an order of preclusion would not exert any pressure on the plaintiff or affect his situation in the least. He has no object or interest in proving the matters in question. They form no part of his case, and he doubtless would welcome a preclusion regarding them. It would be worse than useless for the court to make an order that it would be powerless to enforce.
The defendant in his brief suggests that, if he is not entitled to a bill of particulars as requested, he is entitled to examine the plaintiff before trial, for the purpose of obtaining the information desired, and asks that the court grant an order for such examination, if it decides that the defendant is not entitled to the bill of particulars.
*1034 Without attempting to indicate whether the defendant is entitled to such an examination upon proper application, it is sufficient to say that such question cannot be considered on this motion. The notice of motion asks only for an order directing a further bill of particulars. It does not mention an examination before trial. Consequently, the plaintiff has had no notice that this proposition would be considered, or acted upon. If the defendant desires an examination before trial it will be necessary for him to proceed in the usual way, so that the plaintiff may have an opportunity to be heard on the proposition, if he so desires.
The motion is denied. Prepare order accordingly.