Richard S. Heller, J.
This is a motion by the claimant for examination before trial. The motion papers show that the claim arises from an injury suffered by the infant claimant, four and one-half years of age, when struck by a bicycle while at the Valley Stream State Park.
The State is willing to submit to an examination before trial by employees having knowledge of the facts and circumstances giving rise to the claim and as to the operation, maintenance and control of the Valley Stream State Park. The State has objected however, that such examination should not be permitted until the claimant has served a verified bill of particulars in accordance with a demand served on the claimant on November 5, 1955. There is no basis for conditioning the granting of an examination before trial as to the matters which are obviously relevant and material under the circumstances present here. The case of Zecchini v. Mayer (195 App. Div. 423), set forth by the State in its affidavit, presented a substantially different situation and the requirement for a bill of particulars was pursuant to an order of the court made at the same time that an order for examination had been vacated. Here the court is without knowledge as to what particulars have been demanded *150 and there is no showing that the service of such a bill of particulars would in any way affect the question of the relevancy and materiality of the examination sought by the claimant.
The items listed in the notice of motion for examination however, exceed in a number of instances, the proper limits for such an examination. The State apparently has no objection to an examination relating to the operation, maintenance and control of the Valley Stream State Park. Examination is permitted as to Items A.l, A.2, A.3 and A.4 as set forth in the notice of motion.
The State also is willing to submit to an examination concerning the facts and circumstances giving rise to the claim herein. Under these circumstances Item B as listed in the notice of motion is. a proper matter for examination.
In Item C however, the claimant seeks an examination “ relating to the acts, movements and conduct ” of the infant claimant at the time of the accident and shortly prior and subsequent thereto. Rule 122 of the Rules of Civil Practice provides that where the party seeking the testimony shows he is without knowledge of the proper person to be examined, the court may order the adverse party to designate and produce an officer, agent or employee having such knowledge. The affidavit of the assistant attorney general of the State of New York shows that at this time the State has no knowledge or information concerning the actions, movements and conduct of the infant claimant and cannot produce any officer, agent or employee having such knowledge. Since the claimant is unable to identify an officer, agent or employee having such knowledge and the State has shown that it cannot identify or produce any such officer, agent or employee, examination as to Item C must be denied.
In Item D of the notice of motion the claimant seeks a very broad examination concerning the methods of policing and supervising visitors to the Valley Stream State Park and they seek this examination from the time of the opening of the Valley Stream State Park to a time subsequent to the accident. Examination as to the policing and supervision of guests of the Valley Stream State Park is proper on the facts presented here. Such an examination must however be limited in time. There is for instance, no showing in these papers as to how long the Valley Stream State Park has been maintained and operated as such a park and it would be absurd and completely irrelevant to permit an examination extending for years prior to the time of this accident. Examination as to Item D as set forth in the notice of motion will therefore be permitted, but only *151 from the time of the opening of the Valley Stream State Park for the spring and summer seasons of the year in which the accident occurred to the time of the accident.
Item E of the notice of motion seeks an examination concerning prior accidents of the same, similar or related nature. Evidence of prior accidents shown to be similar and arising out of the same conditions may be a pertinent and proper part of claimant’s proof. Evidence as to subsequent accidents however, would not be admissible. Item E therefore will be permitted in regard to prior accidents for a period of three years prior to the time of the accident but is denied as to accidents subsequent to the time of this accident.
In Item F of the notice of motion claimant seeks an examination concerning rules and regulations governing the conduct of persons using the Valley Stream State Park from the time of the opening of the Valley Stream State Park to a time “ shortly subsequent to the occurrence of said accident ”. Examination as to rules and regulations governing the operation of the Valley Stream State Park is proper and material to the claimant’s case. (Kiernan v. State of New York, 191 Misc. 505.) The extended time sought to be covered by the claimant however, is beyond the permissible limits of such an examination. The examination requested in Item F will be permitted from the opening of the Valley Stream State Park for the spring and summer season of the year in which the accident occurred to the time of the accident.
The order for examination may also include a requirement for the production of books, records, memoranda, etc., in accordance with section 296 of the Civil Practice Act.
Settle order on notice.