**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a corporation**

v.

**PEOPLES NATURAL GAS COMPANY, a corporation, and Lampl Asphalt Paving Company, Inc., a corporation.**

Civ. A. 17090.

United States District Court
W. D. Pennsylvania.
Sept. 29, 1958.

Samuel Avins, Morton B. DeBroff, Pittsburgh, Pa., for plaintiff.

Milton Lamproplos, of Eckert, Seamans & Cherin, Pittsburgh, Pa., for defendant, Peoples Natural Gas Co.

Robert Wayman, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant, Lampl Asphalt Paving Co.

MARSH, District Judge.

█ Plaintiff, a Minnesota insurance company, brought this action as subrogee to recover for payments which it was obligated to make to its insured, the Perl-Reichbaum Company, a Pennsylvania corporation, as a result of a fire allegedly caused by the negligence of the defendants, both Pennsylvania corporations.

We are here considering identical motions to dismiss under Rule 12, Fed.R. Civ.P., 28 U.S.C.A., filed by each of the defendants. The defendants contend that this action should be dismissed since: (1) plaintiff paid only a portion of the entire loss caused by the fire and is a mere partial subrogee,—therefore not the real party in interest as it must be to prosecute this action under Rule 17(a), Fed.R.Civ.P.; (2) the insured, a citizen of Pennsylvania and a resident of this district, is an indispensable party whose mandatory joinder as party plaintiff would divest this court of its diversity jurisdiction; and (3) plaintiff has improperly split a cause of action.

The citizenship of the respective parties, the fact that plaintiff has paid only a portion of the entire fire loss, and the fact that other insurance companies and the insured bore the remainder of the fire loss are not disputed.

Defendants' motions should be denied since the plaintiff is a real party in interest under the substantive law of Pennsylvania; the insured is not an indispensable party; and this action does not constitute an improper splitting of a cause of action.

█ Under the substantive law of Pennsylvania, which we must apply to determine who is a real party in interest,[1] the plaintiff is a real party in interest as to the claim asserted in this action since it is subrogated to the rights of its insured, Perl-Reichbaum Company, to the extent of the payments made to the insured resulting from the fire in question. This was directly decided in Katzman v. Bennetch, 1941, 40 Pa.Dist. & Co. R. 716. See, also: Majors v. Lucaric, 1940, 40 Pa.Dist. & Co.R. 317.

█ The next question is whether a partial subrogee may maintain an action in a federal court alone without joining other real parties in interest, i. e., the indemnitee and other subrogees. This is a procedural question covered by the Federal Rules of Civil Procedure, and in the light of United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, affirming, inter alia, Yorkshire Ins. Co. v. United States, 3 Cir., 1948, 171 F.2d 374 must be answered in the affirmative.

The Yorkshire case in effect approves the prosecution of a suit by a partial subrogee and holds that the defendant is protected from a multiplicity of suits by its opportunity under the rules to join the necessary parties. In a footnote on page 376 of 171 F.2d it is stated:

> "It is clear that the property owner and other insurers, if any, are necessary parties. * * * But they are not indispensable in the sense that a final decree cannot be made without affecting their interests or leaving the controversy in such a condition that its final determination is inconsistent with equity."

See also footnote 19 in United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 382, 70 S.Ct. at page 216. In affirming the Yorkshire case and three others, the Supreme Court in United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 382, 70 S.Ct. at page 216, with reference to the defendant's right to join necessary parties in order to alleviate the multiplicity-of-suits

1. Moore's Federal Practice, vol. 3, § 17.02, p. 1305.

hardship resulting from permitting several suits on one claim, stated:

" * * * [T]here will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the actions under Rule 19(b)."

The court recognizes that "in such cases" a tortfeasor "may have to defend two or more actions on the same tort."

■ Pleadings, however, should disclose the names of all the real parties in interest in order that defendant may compel their joinder. Rule 21, Fed.R. Civ.P. See: United States v. Aetna Casualty & Surety Co., supra, 338 U.S. at page 382, 70 S.Ct. at page 216.

For the foregoing reasons an appropriate order will be entered denying the defendants' motions to dismiss, but requiring plaintiff to amend its complaint to disclose the names of all the real parties in interest.