NORTHBORO APARTMENTS, INC., Holland Development Corporation, Wachtel Plumbing Co., Inc., Isaac Prussin, Simon R. Bregman and Irving H. Stolz

v.

WHEATLAND TUBE COMPANY.

Civ. A. No. 27828.

United States District Court
E. D. Pennsylvania.
July 11, 1961.

Albert C. Gekoski, Philadelphia, Pa., for plaintiffs.

Jan E. duBois, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action was brought to recover from defendant sums paid in settlement of third party claims for personal injuries and wrongful death arising out of an explosion at the Northboro Apartment, Bronx, New York, and counsel fees expended in connection therewith, on the theories of indemnity, contribution and breach of warranty.[1] The complaint also contains direct claims against the defendant for loss of good will, loss of rental and the cost of repairing the building, these claims being based on allegations of negligence and breach of warranty. The plaintiffs are owners and lessees of the land on which the building which exploded was located and the contractor and subcontractor who built it. The defendant supplied pipe for the building, which pipe plaintiffs claim was defective.

The case is presently before the court on defendant's Motion that Security Mutual Insurance Company of New York be made a party plaintiff under F.R.Civ.P. rule 17(a), 28 U.S.C.A.

Plaintiffs' answers to interrogatories disclose that they were insured by Security Mutual Insurance Company at the time of the explosion (see answer 16 to Documents Nos. 9, 10 and 11) and that the insurance company, not the present plaintiffs, paid the settlements of the claims arising out of the explosion (see exhibits attached to Document No. 14).[2]

---

1. No notice of these claims or their settlement was given defendant until the institution of this suit in March 1960, even though the alleged defect in the pipe was discovered and confirmed by plaintiffs by August 1957.

2. Both parties state that $217,500 was paid in settlement of these claims. The checks attached to Document No. 14 show that $216,935.67 was paid to various claimants and $564.33 to Security Mutual itself. The claimant to whose claim this

Defendant asserts that because of these payments, the insurance company is a real party in interest and should be joined as a party plaintiff.

 The "real party in interest" within the meaning of Rule 17(a) is the party who, under the applicable substantive law, has a legal right to enforce the claim. Capo v. C-O Two Fire Equipment Co., D.C.D.N.J.1950, 93 F.Supp. 4, 6; Du Roure v. Alvord, D.C.S.D.N.Y. 1954, 120 F.Supp. 166, 168. The law of New York is the substantive law applicable[3] and, under that law, an insurance company which pays part of a loss incurred by its insured becomes joint owner with the insured of the cause of action. Moore v. Taylor, 1916, 175 App.Div. 37, 161 N.Y.S. 480, 481–482. See Porter v. Lane Const. Corporation, 1925, 212 App. Div. 528, 209 N.Y.S. 54, 57, affirmed 1926, 244 N.Y. 523, 155 N.E. 881. Hence, Security Mutual Insurance Co. has the substantive right under New York law to assert a claim for the amount it paid in settlement of the third party claims.[4]

 Once it has been established that under the applicable substantive law the party sought to be joined has the right to maintain the action, whether or not such a party should be joined under Rule 17(a) depends on federal procedural standards.[5] This is a case of partial subrogation[6] and, in such cases, both the insured and the insurer are real parties in interest within the meaning of F.R.Civ.P. rule 17(a). United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171. Although an action can be instituted by either party,[7] the other should be joined upon timely motion of the defendant. St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co., D.C.W.D.Pa.1958, 166 F.Supp. 11, 12. This motion is timely[8] and there is no reason to deny

$564.33 was charged did, however, sign a release for an amount which would include this check, indicating that an advance in that amount had probably been made to the claimant by the insurance company before settlement.

3. "When the operative facts giving rise to the event and the results complained of have occurred in another state, the law of the place where the operative facts occurred governs the substantive rights of the parties to maintain personal injury or death actions. However, the law of the forum governs the procedure and methods of enforcing such rights. The foregoing rules also apply to negligence arising in connection with the performance of a contract." 27 P.L.E. § 142, pp. 215–216. See Mannsz v. Macwhyte Co., 3 Cir., 1946, 155 F.2d 445, 449; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F.2d 908, 910; Sumner v. Brown, 1933, 312 Pa. 124, 167 A. 315.

4. If the law of Pennsylvania were to be deemed the substantive law to which this court is to look in this case to determine if there is a right in the insurance company, the same result would occur. See St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co., D.C.W.D. Pa.1958. 166 F.Supp. 11, 12.

5. The New York statute allowing a subrogor to bring an action in his own name

without joining the subrogee (§ 210 of the New York Civil Practice Act, as amended 9/1/50) does not affect the matter of who owns the cause of action or can assert it in a federal court in Pennsylvania as the real party in interest under F.R.Civ. P. 17(a). See Rosenfeld v. Continental Building Operating Company, D.C.W.D. Mo.1955, 135 F.Supp. 465, 469. The Pennsylvania Rules of Civil Procedure (see 12 P.S.Appendix Rule 2002) would also be inapplicable.

6. Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 1889, 129 U.S. 397, 462, 9 S.Ct. 469, 32 L.Ed. 788.

7. Yorkshire Ins. Co. v. United States, 3 Cir., 1948, 171 F.2d 374, 376, affirmed inter alia, United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.

8. Defendant raised the defense of real party in interest in its answer (Document No. 3) and filed this Motion soon after it determined that Security Mutual Insurance Company of New York was a partial subrogee. Cf. McLouth Steel Corp. v. Mesta Machine Co., D.C.E.D.Pa. 1953, 116 F.Supp. 689, 691, affirmed 3 Cir., 1954, 214 F.2d 608, certiorari denied Hartford Acc. & Indemnity Co. v. Foster, 1954, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687.

defendant its right to join Security Mutual Insurance Company of New York as a party plaintiff.[9]

The order attached to defendant's Motion (Document No. 16), making The Security Mutual Insurance Company of New York a party plaintiff, will be signed. The briefs of counsel have been filed as Nos. 18 and 19 in the Clerk's file.

9. The cases cited in plaintiffs' brief are factually different from the case now before the court. For example, there is no evidence of the use of any loan receipt in this case.