Peter A. Quinn, J.
Motion to reargue is granted. Upon the reargument it is urged by defendants that the assignment of a partial interest in a claim for money only, though it works an equitable assignment, is now cognizable at law in this State (citing Blake v. Weiden, 291 N. Y. 134; Dunlop v. James, 174 N. Y. 411); so that the holder of such an equitable assignment *820 must be joined as a necessary party in an action by the claimant (citing Moore v. Taylor, 175 App. Div. 37; Sisson v. Hassett, 155 Misc. 667; Townsend v. Halbert, 194 Misc. 1033, etc.).
The merit of such argument, however, is limited to those causes of actions which by their nature are transferable. (Coughlin v. New York Cent, & H. R. R. R. Co., 71 N. Y. 443, 449, 450.)
In the face of the common-law prohibition, explicitly reiterated in section 41 of the Personal Property Law, making actions for personal injuries not transferable, the joinder of the equitable assignee of a part of an injured person’s right of recovery, in an action by the latter, renders the complaint defective in form and any judgment recovered upon such a divided cause of action would be erroneous. (General Acc., Fire & Life Assur. Corp. v. Zerbe Constr. Co., 269 N. Y. 227, 231-232.) Upon reargument, after due deliberation, the original decision is adhered to and the motion to compel the joinder of Herbert M. Simonsom, the equitable assignee of a part of the plaintiff’s cause of action for personal injuries, as a necessary party, is denied.