Howard A. Zeller, J.
Defendants John D. Brewer and Lawrence J. Brewer move for an order directing plaintiff to furnish them a further bill of particulars relative to the alleged acts or omissions of negligence of the third defendant, Robert Wells Webster, in this action brought by plaintiff .to recover for personal injuries allegedly suffered in a motor vehicle accident.
From the unverified complaint it appears that on November 18, 1961 plaintiff was a passenger in her own vehicle being driven by defendant Webster in a southerly direction on Route 224 in 'Schuyler County. At the intersection of Routes 224 and 13, plaintiff’s vehicle was involved in a collision with a car owned by defendant Lawrence J. Brewer and operated by defendant John D. Brewer in an easterly direction along Route 13. The intersection was guarded by a blinker traffic light showing yellow to users of Route 13 (such as Brewers) and red to users of Route 224 (such as Webster).
Paragraph 11 of the complaint alleges, “ that the negligence of the defendant, Robert Wells Webster, consisted, among other things, in the fact that he drove and operated the said Ford automobile at an excessive, unlawful and dangerous rate of speed, that he heedlessly and carelessly entered the intersection of New York Route #224 and New York Route #13 when a flashing red traffic signal light was set against him at an unreasonable rate of speed under the circumstances; that he failed to yield the right of way to vehicles approaching from Route #13; that he failed to bring his car to a complete stop before proceeding through the intersection; that he failed to keep a proper lookout; that he failed to give any signal of his approach; that he failed to observe the road; that he otherwise violated the Vehicle and Traffic Laws of the State of New York; that he came into violent contact with the Chevrolet automobile driven by defendant John D. Brewer; that he caused plaintiff to be precipitated within, about, against and/or from said Ford auto *458 mobile; and that he generally was careless and negligent. ’ ’ The answer of defendants Brewer admits the allegations of paragraph 11 of the complaint. Defendant Webster has defaulted in answering.
The further particulars demanded of plaintiff by defendants Brewer are: “ 2. The exact particular and particulars of the negligence of the defendant bobebt wells websteb claimed by plaintiff, alleging the ultimate facts as to the claims of negligence as distinguished from the conclusions set forth in the complaint.”
The bill of particulars furnished by plaintiff does not respond in any manner to defendants’ request as set out above. Plaintiff’s position simply is that the allegations in paragraph 11 of the complaint are sufficiently specific with respect to the particulars demanded to meet all the present legal requirements and purposes of the defendants Brewer.
' Defendants Brewer contend that the allegations in paragraph 11 are legal conclusions rather than the ultimate facts which are sought under the demand for a further bill of particulars. The Brewers argue that the particulars sought are necessary to the establishment of their defense that Webster’s negligence was the sole cause of the accident, and in order to “ limit the proof and to prevent surprise to (the Brewers) * * * by enabling them to know definitely the claims which they are called upon to meet.”
Buie 115 of the Buies of ¡Civil Practice specifies that “ (a) Any party may require any other party to give a bill of particulars of his claim ” and provides for service of a further bill where a bill of particulars is regarded as defective or insufficient. Subdivision (c) of rule 116 of the Buies of Civil Practice further provides that in a personal injury action a general statement of particulars may be required ‘ ‘ of the acts or omissions constituting the negligence claimed”. Neither the rules nor any cases found have a clear and direct application to the present case in which two codefendants seek from plaintiff further particulars of the alleged negligence of a third codefendant.
Despite the broad language of the rules, the granting of an order for a bill of particulars or a further bill is discretionary and has limitations judicially imposed in the furtherance of justice. (Rules Civ. Prac., rule 116, subd. [j]; Kot v. Countryman, 262 App. Div. 1054.) Thus, particulars will not be required where a pleading is already sufficiently specific (4 Carmody-Wait, New York Practice, p. 634); nor will the revelation of evidentiary facts ordinarily be required (see Mertz v. De Landa (No. 3), 260 App. Div. 1034).
*459 Traditionally, the functions and the purpose of a bill of particulars or a further bill are “ to limit the issues under the pleadings, to apprise the defendant of the items which plaintiff expects to prove, and to restrict the proofs to the matter specified. (Matthews v. Hubbard, 47 N. Y. 428; Zecchini v. Mayer, 195 App. Div. 423.) Its function is to amplify the complaint and define the issues to be litigated at the trial. (Mayer v. Commonwealth Trust Co., 124 App. Div. 932.) ” (Townsend v. Halbert, 194 Misc. 1033,1035.)
On the point of defendant Webster’s negligence there is no real issue between the plaintiff and the defendants Brewer in this case. In fact, there is a limited unity of claims and purposes on the point of the third defendant’s negligence. It thus does not appear that a further limitation, amplification or definition of issues as to the negligence of defendant Webster is either necessary or proper as between plaintiff and defendants Brewer. Nor does it appear to the court that the clear and definitive allegations of Webster’s negligence as set out in paragraph 11 permit entry of the elements of surprise and doubt, as defendants Brewer fear.
To require plaintiff to furnish further particulars here would be to require the furnishing of purely evidentiary facts for the purpose of bolstering the Brewers’ prospective defenses. 'Such is not the function of a bill of particulars. (Townsend v. Halbert, supra, p 1035.)
Cases there might be where the sound exercise of judicial discretion would direct that a plaintiff furnish one defendant particulars concerning the alleged negligence of another defendant. This is not one of them. Any presently discernible needs of defendants Brewer on the point can be met by examination before trial of plaintiff.
The motion of defendants Brewer for further particulars should be denied without costs.