Philip B. Heller, J.
This case illustrates the problems created when simple rules are not observed. The action seeks recovery under the medical payments provisions of a family combination policy for expenses allegedly incurred as the result of an automobile accident on January 30, 1962. The answer consists, in general, of denials.
A demand for a bill of particulars was served by defendant on or about August 1,1963. Under rules then applicable (Rules Civ. Prae., rule 115; see, also, CPLR 3042, subd. [a]), the plaintiff had five days within which to move to vacate or modify the notice. She did not make any such motion.
On October 11, 1963, the plaintiff served a bill of particulars which, among other things, failed to respond to six items of the demand. As to each such item the bill states: “ This demand *1062 is deemed to be improper as it calls for information which is evidentiary in nature.” It is interesting to note that on this motion by defendant for a further bill or to preclude, the plaintiff’s attorneys aver that the said items were improper “ in that the demands refer to matter not contained in the complaint and answer and these items are completely foreign and extraneous,” which shifts the grounds of objection from one that a statement of evidence was being sought to one that the items related to matters not in issue (whether or not evidence was being sought).
The court is not here concerned with the hazards that counsel run when they do not move with respect to demands for bills of particulars which they find objectionable in whole or in part (Helfant v. Rappoport, 14 A D 2d 764, 765). It suffices to call the attention of the Bar generally to the suggestion in Gigliotti v. Morasco (2 A D 2d 653) that “ Failure to comply with the rule invariably jeopardizes the rights of the litigant and may result in the loss of such rights. Counsel who persist in such practice may sooner or later be called upon to answer for their conduct in disciplinary proceedings. ’ ’
We are, however, concerned with the problem presented because the rule was not complied with in this case.
In Helfant v. Rappoport (supra), after pointing out that ‘ ‘ Preclusion can no longer be resisted by raising questions as to the validity or propriety of any item ”, the court went on to say: “ An exception does exist where the item demanded is palpably improper (Coin v. Lebenkoff, 10 A D 2d 916)”. (See, also, Cities Serv. Oil Co. v. 307 Summer St., 10 A D 2d 904.)
In the instant case and upon the foregoing authorities, the court holds that items 9 through 14 of the demand are so palpably improper that relief with reference thereto must now be denied the defendant. They seek particulars as to a prior accident, the injuries sustained therein and the names and addresses of physicians and the hospital in which plaintiff was then confined, among other things. The defendant is not seeking an amplification of the plaintiff’s claims in this case but is seeking to cross-examine the plaintiff to establish that her claimed injuries are the result of an accident prior to that here involved. It may be noted that were the plaintiff to be precluded from offering any evidence as to any of these items (9 through 14) of the demand, it would not affect the plaintiff’s cause of action or proof of damage. To require particulars in such a situation would be abortive. (Townsend v. Halbert, 194 Misc. 1033, 1035.)