**William H. OBURN, Jr. and Shirley L. Oburn, Plaintiffs,**

v.

**M. Robert FENTON and George E. Young, Defendants.**

**Civ. A. No. 66–540.**

United States District Court
W. D. Pennsylvania.

Oct. 21, 1966.

---

Howard V. Heck, Pittsburgh, Pa., for plaintiffs.

Frederick N. Egler, of Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendant M. Robert Fenton.

H. N. Rosenberg, of Rosenberg & Kirshner, Pittsburgh, Pa., for defendant George E. Young.

## OPINION AND ORDER

MARSH, District Judge.

In this negligence action, the defendant, George E. Young, has moved under Rule 21, Fed.R.Civ.P., to add the United States Fidelity and Guaranty Company (Insurer) as a party plaintiff. See: United States v. Aetna Surety Co., 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171 (1949); 3 Moore, Federal Practice, ¶ 21.04, p. 2906.

■ Since it appears that Insurer, under an insurance policy, paid to plaintiffs part of the loss they sustained when a stone wall, designed and constructed by the defendants, fell down, I think the motion should be granted.

■ Under the substantive law of Maryland, an insurer who pays his insured for the latter's loss is, as subrogee of the insured, a party in interest who may maintain the cause of action. Baltimore American Underwriters, etc. v. Beckley, 173 Md. 202, 195 A. 550 (1937). The substantive law of Pennsylvania is the same. Northboro Apartments, Inc. v. Wheatland Tube Co., 198 F.Supp. 245 (E.D.Pa.1961); St. Paul Fire & M. Ins. Co. v. Peoples Natural Gas Co., 166 F. Supp. 11 (W.D.Pa.1958).[1]

Insurer here has a subrogated claim against the defendants to the extent of $4,000. The alleged total loss is $10,670.

Subsequent to the effort of the defendant Young to join the Insurer as a party, the latter purportedly executed an assignment or reassignment to the plaintiffs of all its rights, claims, and causes of action against the defendants. At oral argument, counsel for the defendant Young challenged the validity of this instrument on the grounds of failure of consideration. This issue was not briefed by either party. In the absence of Insurer, I do not think it would be proper to pass upon the validity of this assignment (only a copy of which is attached to plaintiffs' brief) executed after the problem under consideration arose. On the contrary, I think it would be advisable, pursuant to the Rule, to join Insurer, a partial subrogee, as a party plaintiff. Then all the issues in this litigation relating to the possible interests of Insurer as partial subrogee may be adjudicated when all the real parties in interest are before the court.

It is to be noted that the defendant Fenton by way of a defense has raised the same problem by averring that Insurer "is a real party in interest to the present action and should be added as a party plaintiff." (See Fourth Defense in his Amended Answer.)

After being joined as a party, Insurer will have an opportunity, if it be so

---

1. Cf. Gas Service Co. v. Hunt, 183 F.2d 417 (10th Cir. 1950); see: 3 Moore, Federal Practice, ¶ 17.09, pp. 1334–1335, 1346–1349.

advised, to effectively waive its substantive rights as subrogee against the defendants on the record of this action.

An appropriate order will be entered.