**James E. ASKEY and Fredonia Express, Inc., Plaintiffs,**

v.

**C. & M. SERVICE, M. T. Miller, Coldway Carriers, Inc. and Garret Lamar Benner, Defendants.**

Civ. A. No. 9555.

United States District Court
M. D. Pennsylvania.

Oct. 21, 1968.

Paul A. Foley, Miserendino, Krull & Foley, Buffalo, N. Y., G. Thomas Miller, McNees, Wallace & Nurick, Harrisburg, Pa., for plaintiffs.

Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for defendants.

MEMORANDUM

FOLLMER, District Judge.

The above case comes before the court on defendants' motion for an order re-

quiring the insurer from whom plaintiff received Workmen's Compensation and property damage to be joined as a party plaintiff under Federal Rules of Civil Procedure Nos. 21 and 17(a). Defendants have since withdrawn their request to join Continental National American Group on the basis of their subrogated interest under the New York Workmen's Compensation Law.

This action arises out of an alleged accident which occurred between two tractor-trailer trucks on August 19, 1964, on U.S. Route 11 in Snyder County, Pennsylvania.

At a pretrial conference held March 14, 1968, plaintiffs indicated that the property damage loss claimed by Fredonia amounted to $15,591.78 and represented a subrogated collision loss paid by Continental National American Group.

The basis for the motion of defendants is Rule 17(a), Federal Rules of Civil Procedure, which states:

(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

When a real party in interest has not joined as a party plaintiff, this real party in interest may be added under the provisions of Rule 21 of the Federal Rules of Civil Procedure, which states:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

As to the propriety of the joinder of a subrogated insurance carrier as a real party in interest, in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380–382, 70 S.Ct. 207, 215, 94 L.Ed. 171, 12 A.L.R.2d 444 (1949), the Court said in part, as follows:

\* \*. \* Rule 17(a) of the Federal Rules of Civil Procedure, [28 U.S. C.A.] which were specifically made applicable to Tort Claims litigation, provides that 'Every action shall be prosecuted in the name of the real party in interest,' and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2d Ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action

at law only in the name of the insured to the insurer's use. Hall & Long v. Nashville & C. Railroad Companies, [1871,] 13 Wall. 367, [20 L.Ed. 594] (1872); United States v. American Tobacco Co., supra, as was also true of suits on assignments, Glenn v. Marbury, 1892, 145 U.S. 499 [12 S.Ct. 914, 36 L.Ed. 790]. Mr. Justice Stone characterized this rule as 'a vestige of the common law's reluctance to admit that a chose in action may be assigned, (which) is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 1933, 287 U.S. 530, 540 [53 S.Ct. 231, 233, 77 L.Ed. 477, 88 A.L.R. 647]. Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 19 How. 312, [15 L.Ed. 656] (1857), and Admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 1889, 129 U.S. 397, 462 [, 9 S.Ct. 469, 479, 32 L.Ed. 788]. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

Although either party may sue, the United States, upon timely motion, may compel their joinder. Delaware County v. Diebold Safe & Lock Co., 1890, 133 U.S. 473, 488, [10 S.Ct. 399, 403, 33 L.Ed. 674] (applying a state code under the Conformity Act). 3 Moore, Federal Practice (2d Ed.) p. 1348. Both are 'necessary' parties. Rule 19

(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim. Additional parties may be added at any stage of the proceedings, on motion of the United States, upon such terms as may be just. Rule 21.

The above has been interpreted to require the joinder of a subrogated insurance carrier on the motion of the defendants.

In Northboro Apartments, Inc., et al. v. Wheatland Tube Company, 198 F.Supp. 245, 247 (E.D.Pa.1961), Judge Van Dusen held that in a case of partial subrogation, the insurance carrier would be required to join as a party plaintiff, and stated:

Once it has been established that under the applicable substantive law the party sought to be joined has the right to maintain the action, whether or not such a party should be joined under Rule 17(a) depends on federal procedural standards. This is a case of partial subrogation and, in such cases, both the insured and the insurer are real parties in interest within the meaning of F.R.Civ.P. rule 17(a). * * *

It follows therefore that the motion requesting that Continental National American Group become a party plaintiff by virtue of its subrogated rights to recover for the property damage of Fredonia Express, Inc., will be granted,[1] and all proceedings will be stayed until said insurer has entered its appearance herein as a party plaintiff by an appropriate pleading. An appropriate order will be entered.

---

1. Yorkshire Ins. Co. v. United States, 171 F.Supp. 374 (3d Cir. 1948), aff'd 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444 (1949); Northboro Apartments, Inc., et al. v. Wheatland Tube Company, 198 F.Supp. 245 (E.D. Pa.1961); Pinewood Gin Company v. Carolina Power & Light Company, 41 F.R.D. 221 (D.S.C.1966); Oburn v. Fenton, 278 F.Supp. 185 (W.D.Pa.1966).