JARKA CORPORATION, Appellant, *v.* FIREMAN'S FUND INDEMNITY COMPANY et al., Respondents.

First Department, June 21, 1955.

*John M. Johnston* of counsel (*Chester Bordeau* with him on the brief; *White & Case,* attorneys), for appellant.

*Jeremiah G. Mahony* of counsel (*Thomas P. Curtin,* attorney), for respondents.

*Per Curiam.* Involved is the question whether an employer which has made compensation and medical payments to a longshore employee, without an award, is entitled to maintain an action for reimbursement for such payments from the wrongdoer, who, with notice of the employer's claim, had settled an action brought against it by the employee.

Plaintiff employer, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 914), made compensation and medical payments to its employee, without an award. The employee then sued Garcia & Diaz, Inc., a defendant herein, asserting that it was primarily responsible for the injury. Before the institution of the employee's action, the employer notified defendant Garcia & Diaz, Inc. of the payments and claimed reimbursement. A similar notification was sent to Garcia & Diaz, Inc.'s insurer, also a defendant herein. Thereafter, defendants settled the action with the employee, and paid the entire proceeds to him. Plaintiff employer thereupon instituted this action, and appeals from the denial of its motion for summary judgment and the grant of defendants' motion to dismiss the complaint for legal insufficiency.

An employer who, without an award, has made compensation payments is subrogated, to the extent of those payments, to the employee's claim against the wrongdoer. This right of subrogation may be satisfied out of the fund created by a recovery from the tort-feasor at the instance of the employee, irrespective of whether the recovery is by way of court award or settlement. (*Etna,* 138 F. 2d 37; *Fontana* v. *Pennsylvania R. Co.,* 106 F. Supp. 461.) Almost the precise question was determined in *Ruggiero* v. *Liberty Mut. Ins. Co.* (272 App. Div. 1027, affd. 298 N. Y. 775). There the pivotal principle was the subrogation of rights to a fund arising from a settlement, which subrogation was based on payments made without an award. The only difference in the *Ruggiero* case from this one is that there the employer's carrier had actually intervened in the employee's action. That is not essential, although much the wiser thing to do, in following the subrogated right to the fund, so long as there was notice to the tort-feasor of the employer's advances. It would be manifestly inequitable if defendants, after having received notice of the employer's claim to subrogation, could, with impunity, pay to the employee the entire proceeds of the settlement. Defendants are, therefore, equitably obligated to reimburse the employer. Since there are no triable issues of fact, the employer is entitled to summary judgment.

150

Accordingly, the determinations of the Appellate Term and the orders of Municipal Court should be reversed, plaintiff's motion for summary judgment granted, and defendants' motion to dismiss the complaint denied, with costs to appellant.

Peck, P. J., Cohn, Breitel and Rabin, JJ., concur.

Determination [as to plaintiff's motion for summary judgment] unanimously reversed, with costs to the appellant in this court and in the Appellate Term, the motion granted, and the clerk of the Municipal Court is directed to enter judgment in favor of the plaintiff for the relief demanded in the complaint, with costs. [See *post*, p. 1003.]

Determination [as to defendants' motion to dismiss complaint] unanimously reversed, with costs to the appellant in this court and in the Appellate Term, and the motion denied. [See *post*, p. 1003.]