**LIBERTY MUTUAL INSURANCE COMPANY, as partial assignee and subrogee of Alfonse Marchica, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 60-C-225.

United States District Court
E. D. New York.
May 18, 1960.

Thomas F. Keane, Brooklyn, N. Y., for plaintiff. Alfred E. Lawson, Brooklyn, N. Y., of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for defendant. Benjamin H. Berman, Atty. in Charge, Admiralty & Shipping

Section, Dept. of Justice, New York City, Morris G. Duchin, New York City, of counsel.

BARTELS, District Judge.

Action by plaintiff as assignee and subrogee of Alfonse Marchica, a longshoreman, who was injured on March 18, 1958 aboard defendant's vessel "General Buckner". On November 16, 1959 Marchica accepted compensation under an award pursuant to § 933 of the Longshoremen's and Harbor Workers' Compensation Act.[1] Subdivision (b) of § 933 of the said Act reads as follows:

> "(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person *unless* such person shall commence an action against such third person within *six months* after such award." (Emphasis added.)

Under this subdivision the time within which Marchica might sue a third person did not expire until May 16, 1960. Thereafter the plaintiff as assignee and subrogee clearly had a right to institute its action. However, the statute of limitations with respect to such action expired on March 18, 1960, two years after the injury.

The complaint in this action was filed by the "assignee" on March 7, 1960, prior to the expiration of six months from the date Marchica received his compensation award, and is framed under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680. Defendant has not filed an answer to the complaint but, instead, has moved (a) pursuant to Rule 56, F.Rules Civ.Proc., 28 U.S.C.A., for summary judgment and dismissal of the complaint on the ground that the action was prematurely brought and (b) pursuant to Rule 12(b) to dismiss the complaint on the ground that the Court lacks jurisdiction over the subject matter since plaintiff's remedy lies exclusively in admiralty under the Public Vessels Act[2] or the Suits in Admiralty Act[3]. In reply plaintiff has cross-moved for leave to amend its complaint to include the said Acts as statutes under which the cause of action arose.

The determination of this motion depends upon (i) whether plaintiff may amend its complaint to set forth the Public Vessels and Suits in Admiralty Acts as the Acts under which the cause of action actually arose, and (ii) whether plaintiff may bring any action under the facts of this case in view of the conditional phrase in the Compensation Act commencing with the word "unless".

Answering the first question, it has been decided that if the plaintiff has a cause of action under the above Acts which was instituted by error on the law side under the Federal Tort Claims Act, this Court has jurisdiction to permit plaintiff to amend its complaint accordingly[4].

The answer to the second question depends upon whether the condition set forth in the Compensation Act is a condition precedent or a condition subsequent. Because the language of the statute is not free from ambiguity[5] recourse must be had to the legislative history of the Act to resolve the question. Senate Report No. 428, setting forth the purpose

---

1. 33 U.S.C.A. § 901 et seq. as amended by Public Law 86–171, August 18, 1959.

2. 46 U.S.C.A. §§ 781–790.

3. 46 U.S.C.A. §§ 741–752.

4. Weiss v. United States, D.C.N.J.1958, 168 F.Supp. 300; see, also, Bartholomew v. Universal Tankships, Inc., 2 Cir.,

1959, 263 F.2d 437, 443; Aho v. Jacobsen, 1959, 359 U.S. 25, 79 S.Ct. 602, 3 L.Ed.2d 625.

5. See, Colony, Inc. v. C. I. R., 1958, 357 U.S. 28, 33, 78 S.Ct. 1033, 2 L.Ed.2d 1119; United States v. Plesha, 1957, 352 U.S. 202, 205, 77 S.Ct. 275, 1 L.Ed.2d 254.

of the bill, states: "In the event that an employee does not elect to sue for damages within 6 months of the compensation award the employer is assigned the cause of action." [6] This language indicates that the assignment does not occur until the employee fails to elect. Annexed to the report is a letter under the signature of the Acting Secretary of Labor, stating: " * * * if compensation were accepted *without* instituting an action against the third party *within the period allowed in the bill*, the cause of action would be assigned to the carrier * * * " (Emphasis added)[7]. Thus the cause is not assigned until the lapse of the six-month period. From both the wording of the statute and the legislative background of the Act, the intent of Congress to create a condition precedent to the assignment of the longshoreman's claim to his employer appears clear. In other words, the acceptance of such compensation under an award does not operate as an assignment to the employer until the lapse of six months after such award without the commencement of an action against the employer by the injured party. Here the action was begun more than a month before the expiration of the required six-month period. It was therefore commenced before the assignment became effective and consequently was prematurely instituted.

Plaintiff in this case was trapped by reason of a concatenation of unusual circumstances and was therefore unable to take advantage of an assignment intended for its benefit. The delay in granting the award plus the failure of Marchica to institute a timely action under the unique chronology of events in this case, rather than the wording of the statute, has left plaintiff without the remedy the statute intended to bestow upon it.

Motion by defendant for dismissal of the complaint granted. Enter order on two days' notice.

6. U.S.Code Cong. & Admin.News 1959, pp. 2134, 2135.