Michael FRANCESE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 63 C 1156.

United States District Court
E. D. New York.

April 29, 1964.

---

Philip A. Berns, New York City (Joseph P. Hoey, U. S. Atty., and Louis E. Greco, Attorney in Charge, Admiralty & Shipping Section, Department of Justice, of counsel), for defendant.

Lawrence M. Honig, New York City, (Edward A. Bohan, New York City, of counsel), for plaintiff.

DOOLING, District Judge.

Defendant has moved to dismiss on jurisdictional grounds a longshoreman's

claim for personal injuries. The complaint alleges that during the loading of a vessel, the S/S EXCELLENCY, at defendant's Pier 3 in its Brooklyn Army Terminal Base, a draft of allegedly defectively pre-palletized cargo, owned by defendant, fell on plaintiff, who was working on the string piece, as the draft was being lifted aboard on the vessel's boom. The expressed charge is negligence, and not unseaworthiness, in the pre-palletizing. The action was filed as a Federal Tort Claims Act case under 28 U.S.C.A. §§ 1346 and 2674. Defendant contends that it could be filed only under the Suits in Admiralty Act (46 U.S.C.A. §§ 741 et seq.), and that it must therefore be dismissed for want of jurisdiction.

The motion of defendant must be in all respects denied and plaintiff may, if he desires, amend his pleading as prayed.

Defendant contends that the Admiralty Extension Act (46 U.S.C.A. § 740) in 1948 extended the admiralty jurisdiction to cases of injury to person "caused" by a vessel on navigable water notwithstanding that the injury is consummated on land and that the present claim is therefore within the admiralty jurisdiction. It is further contended that since the Suits in Admiralty Act certainly provides a remedy (presumably but not necessarily in admiralty) for ship to shore torts by the Government, and that remedy is expressly made an exclusive remedy (46 U.S.C.A. §§ 740, 745), and since the Federal Tort Claims Act excepts from its jurisdictional and general provisions (28 U.S.C.A. §§ 1346 (b), 2680(d)) any claim "for which a remedy is provided" by the Suits in Admiralty Act, the present action may not be maintained but must be dismissed. Against plaintiff's argument that—at worst—he would need only to amend his complaint to invoke the Suits in Admiralty Act and then be transferred to the Admiralty docket of the Court, defendant asserts that no case within the civil jurisdiction of the Court having been stated, there is no jurisdictional predicate for a retention and transfer.

Plaintiff contends that the case is, or may well be, one not within the admiralty jurisdiction because both breach of duty and injury occurred on shore; that any implicit charge of unseaworthiness is not in the case since the complaint does not allege that the Government owned and controlled the vessel; and that, on the complaint, the case is, in any event, as much one under the Federal Tort Claims Act as under the Suits in Admiralty Act. Plaintiff cross-moves to amend so as to allege that the Suits in Admiralty Act is a basis of jurisdiction; he moves further, that the complaint be treated as one in admiralty, that the case be transferred to the Admiralty side, and for further relief. {

The point is important because the case was commenced just before the statute of limitations had run (46 U.S. C.A. § 745), and dismissal would apparently preclude litigation of the claim on the merits.

The complaint in its present form alleges that the EXCELLENCY was an ocean-going vessel moored in navigable waters, that it was being loaded while floating in navigable waters, that the defendant owned and was shipping certain cartons which were to be loaded aboard the vessel, that defendant's pallets were defective, that defendant tiered the draft carelessly, and that plaintiff, employed in duties connected with loading the vessel, was struck by the falling pallets and cartons of the draft which fell while being lifted on the vessel's boom. Plaintiff would amend not by making a different claim but by invoking the Suits in Admiralty Act as a basis of jurisdiction.

■ The claim is for negligently palletizing and making up the draft; defendant is charged as owner of the "cargo" being hoisted and of the pallets, but it is not claimed to have owned or to have been loading the vessel, and its alleged negligence was complete, probably, before the "cargo" became maritime "cargo". Admiralty jurisdiction may, very likely, exist (Fematt v.

City of Los Angeles, S.D.Cal., C.D., 1961, 196 F.Supp. 89, 93, Fematt v. Nedlloyd Line, 191 F.Supp. 907, 909; Cf. Gutierrez v. Waterman S. S. Corp., 1963, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297,) although, on the bare facts presently appearing, that is at least somewhat doubtful (Cf. Kent v. Shell Oil Co., 5th Cir. 1961, 286 F.2d 746). The Admiralty Extension and Suits in Admiralty Acts do not settle the matter upon bare inspection. If the unoffending boom of the vessel was a mechanical "cause" of the accident, and—more plainly—if also, as is likely, defective pallets make an unseaworthy vessel as soon as the boom takes hold of a negligently pre-palletized draft, then either the innocent ship's act (or any maritime fault of the vessel and its owner that is present) might, surely, make defendant's contribution of the allegedly negligent pre-palletizing a tort maritime in its *locus* under the Admiralty Extension Act. Maritime tort and admiralty jurisdiction are thought to turn on the *locus* of the damaging incident and not on its otherwise savoring of things maritime. The ship's guilty or innocent "causing" of the shore-side injury, although the ship is not defendant's nor under its control, may well make the injurious episode one of admiralty cognizance objectively, even though the seaman elects to sue the non-owner whose negligent palletizing contributed the element of "unseaworthiness" that may or may not exist to make the ship guilty.

█ But these are not matters to decide now on a sparse pleading. They are suitable for decision on facts fully developed and on law considered in a living relation to facts really found and not assumed. The case, meanwhile, remains somewhat analogous to the now familiar Jones Act and unseaworthiness claims which are pleaded and tried together, dealing, as they do, with "a single wrongful invasion of [the] primary right of bodily safety and but a single legal wrong". Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220; Cf. Fitzgerald v. United States Lines, 1963, 374 U.S. 16, 18–21, 83 S.Ct. 1646, 10 L.Ed.2d 720; see Gilmore & Black, Law of Admiralty (1957) 288–296, 374–386. Note: Shell Oil Co. v. S. S. Tynemouth, E.D.La. 1962, 211 F.Supp. 908, 910. Because the claim here, in either of its aspects, civil or admiralty, must be tried without a jury, and, as either kind of case, must be commenced in this Court, it follows that if a final determination must be made as to whether it is a civil or admiralty case (Cf. Ahlgren v. Red Star Towing & Transp. Co., 2d Cir. 1954, 214 F.2d 618), that decision will have been made soon enough if it is made after the trial when the evidence and findings make an informed decision possible (see Robillard v. A. L. Burbank & Co., Ltd., S.D.N.Y.1960, 186 F.Supp. 193; Gries v. United States, D.Md.1962, 205 F.Supp. 164, 166 (after trial cases on civil docket retained and adjudged as admiralty cases).

██ There certainly are cases that have found it possible to determine at the outset that a case is one in admiralty and must be altogether dismissed if filed as a civil case (Walker v. Dravo Corporation, W.D.Pa.1962, 210 F.Supp. 386; Beeler v. United States, W.D.Pa. 1964, 224 F.Supp. 973; Wilcox v. United States, S.D.N.Y.1964, 63 C. 3083), but it would not appear that there is any authority for dismissing a suit of which the Court, as a Court, has an undoubted and obligatory jurisdiction simply because the complaint has advanced the wrong head of jurisdiction while stating facts that disclose the existence of jurisdiction on a different basis. To make the disclosure of a basis of jurisdiction a ground of dismissing for want of jurisdiction appears erroneous. The test must be the claim itself and not the presence or absence of a correct reference to the jurisdictional statute. The Everett Fowler, 2d Cir. 1945, 151 F.2d 662. While it is not, very likely, correct to speak of the Admiralty and Civil "sides" of the Court, the practice of "transferring" cases from the Civil to the Admiralty side of the Court

conveniently implements the Court's mandatory retention on its docket of cases that are, by reason of the nature of the claim stated, within the Court's jurisdiction whether they are admiralty or civil cases. Mings v. United States, S.D.Cal., C.D.1963, 222 F.Supp. 996; Shell Oil Co. v. S. S. Tynemouth, supra; Fematt v. City of Los Angeles, supra, 191 F.Supp. at page 910; Liberty Mutual Ins. Co. v. United States, E.D. N.Y.1960, 183 F.Supp. 944, aff'd on another point 2d Cir. 1961, 290 F.2d 257; Weiss v. United States, D.N.J. 1958, 168 F.Supp. 300. Romero v. International Term. Co., 1959, 358 U.S. 354, 358, 381, 79 S.Ct. 468, 3 L.Ed.2d 368, if read as relevant, can require no different analysis in the light of Aho v. Jacobsen, 1959, 359 U.S. 25, 79 S.Ct. 602, 3 L.Ed.2d 625, and Fitzgerald v. United States Lines, supra.

■ Here, however, transfer is not certainly the correct solution, for that would conceal a compelled election between claiming in admiralty and claiming in civil tort. Such an election appears quite unnecessary and possibly prejudicial to the interests of the parties in having the case adjudicated substantively as the kind of case that, on the facts and law as fully developed, it genuinely is. Plaintiff may, if he considers it necessary or appropriate amend by alleging an additional or alternative jurisdiction under the Suits in Admiralty Act and alleging any additional facts relevant to the issues of the civil or admiralty nature of the case.

While transfer is not here the remedy, the existence of a power to transfer is important because it has as its premise the existence of jurisdiction and, in specific application to the Suits in Admiralty Act, the premise of a jurisdiction to transfer into admiralty is amply borne out by the background of the 1960 amendment to 46 U.S.C.A. § 742. Before 1960, there had been uncertainty about whether certain sorts of cases were within the Suits in Admiralty Act (or the Public Vessels Act) or were within the Tucker Act (28 U.S.

C.A. § 1346), conferring jurisdiction concurrent with the Court of Claims of certain claims if they did not exceed $10,000, or were within the jurisdiction of the Court of Claims. The cases were in conflict on some jurisdictional points. Cf. The Everett Fowler, supra. The 1960 Act was passed with the statement, "In order to prevent dismissal of suits which would become time-barred when the appropriate forum had finally been determined, this bill would permit the transfer of cases to the appropriate court." See 1960 U.S.Code Congressional and Administrative News (86th Cong., 2d Sess.), Volume 2, page 3585. As part of the enactment, and in order to clear up at its source the confusion that had prevailed, 46 U.S.C.A. § 742 was amended so as more clearly to define the cases that came within the Suits in Admiralty Act. The bill enacted that if cases filed in the Court of Claims are within the exclusive jurisdiction of the district courts (or vice versa), they must be transferred to their proper courts, if that is in the interest of justice (28 U.S.C.A. §§ 1406(a), 1506). At the same time 46 U.S.C.A. § 742 was amended both to change its range of reference and to substitute for consent that "a libel in personam may be brought against the United States" the unusual language "any appropriate nonjury proceeding in personam may be brought against the United States." The balance of the section continues now as before 1960, to speak the language of admiralty. In the context of the 1960 statute's purpose—precluding, where suit is filed in the wrong court, exactly the result that defendant here seeks—the language change in 46 U.S.C.A. § 742 must be read to fall in with the broad purpose of the enactment to denigrate differences in procedural form and to use "transfer" as the expedient for curing mischances in the filing of cases; read in that light, 46 U.S.C.A. § 742 readily furnishes a base within itself for "transfer" between "sides" of the same court so long as the case remains a non-jury case. Cf. Robillard v. A. L. Burbank

**14**

& Co., Ltd., supra; Gries v. United States, supra. The section will equally accommodate, it appears, the solution required here of avoiding compelling an election between "sides" of the Court, or forms of action, before the evidence has been developed.

Accordingly, on the motion and cross-motion, it is

ORDERED that the motion to dismiss on jurisdictional grounds is in all respects denied and the cross-motion for leave to amend is granted to the extent of allowing plaintiff to amend so as to invoke as an additional or alternative basis of jurisdiction the Suits in Admiralty Act and so as to plead additional facts bearing on the admiralty or civil nature of the case.