James W. **THOMAS**
v.
**PENINSULAR & ORIENTAL STEAM NAVIGATION COMPANY.**
Civ. A. No. 30459.

United States District Court
E. D. Pennsylvania.
Oct. 25, 1965.

593

Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

BODY, District Judge.

The plaintiff, a longshoreman who sustained injuries on July 18, 1961 while helping to unload cargo from the S/S "Cambridge", brought this civil action on October 27, 1961 against the defendant, Peninsular & Oriental Steam Navigation Company. In its answer, defendant admitted ownership of the vessel but averred that it was an owner out of possession at the time of the alleged accident and consequently could not be held liable for plaintiff's injuries. Defendant further averred in its answer that the Federal Steam Navigation Company, Ltd. managed, operated and controlled the "Cambridge" at all times pertinent to this action.

At a pre-trial conference before The Honorable A. Leon Higginbotham, Jr. defendant again asserted its defense of an owner out of possession. Since counsel for plaintiff was unable to disprove said defense, Judge Higginbotham entered a pre-trial order on February 8, 1965 in which plaintiff was given twenty-one (21) days in which to file a petition to withdraw the civil action or, in the alternative, to file a petition requesting that the civil action be transferred to the admiralty side of the court for consolidation with another action subsequently to be commenced in admiralty.

On February 23, 1965 plaintiff instituted a libel in personam against both Peninsular & Oriental Steam Navigation Company and Federal Steamship Navigation Company, Ltd. He also filed a libel in rem against the S/S "Cambridge". The respondents answered the above libels and setting forth the defense of laches, and Peninsular again asserted its defense of owner out of possession.

The matter is now before this Court on plaintiff's motion to transfer this pending Civil Action No. 30459 to the admiralty side of the Court for consolidation with the above-mentionel libel actions.

Plaintiff argues that such a transfer from the civil to the admiralty side of the Court, which is a well established practice, [Francese v. United States, 229 F.Supp. 10 (E.D.N.Y.1964); Beeler v. United States, 338 F.2d 687 (3d Cir. 1964)] should be allowed especially in a situation such as this where the transfer and later consolidation in admiralty would expedite the litigation and make available to the Court all pertinent documents and papers. [Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673 (3d Cir. 1964)]

■ Defendant, on the other hand, attempts to distinguish the Francese and Beeler cases, supra, on the ground that there the plaintiffs were longshoremen who had brought civil actions against the United States Government under the Federal Tort Claims Act. Since the court held in both cases that the Tort Claims Act was not applicable, the transfers were allowed because the respective plaintiff's sole remedy lay with the Suits in Admiralty Act. However, defendant argues that in the case at bar plaintiff already has another in personam and in rem action pending against the defendant in admiralty and would therefore not be deprived of his right to sue if his motion to transfer is denied. We agree with defendant's distinction.

■■ Another compelling reason for denying plaintiff's motion to transfer is found in the policy of preserving the

594

right of trial by jury. Rule 38(d) of the Federal Rules of Civil Procedure, 28 U.S.C., provides that:

> "A demand for trial by jury * * * may not be withdrawn without the consent of the parties."

Plaintiff demanded a jury trial when he instituted this civil action and defendant is entitled to rely on that demand with the effect that plaintiff cannot dispense with a jury trial without the consent of the defendant. [Cf. Barron & Holtzoff, Federal Practice and Procedure, § 877, Vol. 2B, p. 49, Wright Ed. 1961] Professor Moore has stated in this respect:

> "* * * Thus if the plaintiff makes a timely general demand for jury the defendant may rely thereon and the plaintiff cannot dispense with a jury trial as to some or all of the issues between them without the consent of the defendant."

[5 Moore's Federal Practice, p. 344, § 38.45] Therefore, since plaintiff here has not obtained defendant's consent to the transfer, which would be, in effect, a withdrawal of the demand for a jury, the transfer should not be made to the admiralty side where, of course, the case is tried by the court without a jury. [Yates v. Dann, 223 F.2d 64 (3d Cir. 1955)]

 The defendant, in addition to opposing plaintiff's motion to transfer, has urged the Court to dismiss the instant civil action. As previously mentioned, the plaintiff in this case has conceded that he cannot disprove defendant Peninsular's assertion that it is an owner out of possession and therefore not liable for plaintiff's injuries. Where possession and control of a vessel is transferred from one shipping company to another (referred to as "owner pro hac vice"), the original owner is relieved of all liability for unseaworthiness. [Vitozi v. Balboa Shipping Co., Inc., 163 F.2d 286 (1st Cir. 1947)]

Even if plaintiff hopes to hold the S/S "Cambridge" liable in rem, regardless of the fact that the vessel was in the possession of Federal Steam Navigation Company, Ltd., the owner pro hac vice, such theory can be tested in the in rem admiralty action. And although plaintiff faces the defense of laches in that in rem action, a transfer of the present civil action would not affect plaintiff's theory since a mere transfer would not convert the present civil action into an in rem action in admiralty. Therefore, the transfer would not affect any possible advantage plaintiff might hope to gain regarding the defense of laches.

Accordingly, it appearing from the review of the record and briefs that no useful purpose would be served by a transfer of this civil action to the admiralty side of the court; and it further appearing that there is no legal merit to this action in that plaintiff cannot disprove defendant Peninsular's defense of owner out of possession, the motion of plaintiff to transfer is denied and the action is dismissed without prejudice.