PHILIP MORRIS, INCORPORATED,
Plaintiff,

v.

SUN LEASING COMPANY and Trans-
american Trailer Transport, Inc.,
Defendants.

TRANSAMERICAN TRAILER TRANS-
PORT, INC., Third-Party Plaintiff,

v.

TRANSOCEAN GATEWAY TERMINAL,
INC., Third-Party Defendant.

No. 71 Civ. 2754.

United States District Court,
S. D. New York.

March 4, 1974.

Bigham, Englar, Jones & Houston, New York City, for plaintiff; Vincent L. Leibell, Jr., New York City, of counsel.

Hill, Rivkins, McGowan & Carey, New York City, for defendants Sun Leasing

Co. and Transamerican Trailer Transport, Inc.; Robert J. Ryniker, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for third-party defendant; M. E. DeOrchis, Brian D. Starer, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

This action arises out of the alleged theft of a trailer containing cigarettes while it was in custody of defendant Transamerican Trailer Transport, Inc. (TTT) awaiting loading on a vessel for shipment to Puerto Rico. TTT, as third-party plaintiff, sues Transocean Gateway Terminal, Inc. (Transocean) as third-party defendant. The shipment was on Transocean's loading dock at the time of the alleged theft. Simultaneously with the commencement of this action, plaintiff commenced a civil action in New York State Supreme Court and an admiralty action in this court, both of which were dismissed on consent of the parties.

■ Transocean now moves to dismiss the third-party complaint, founded on diversity, asserting this court lacks subject matter jurisdiction since TTT has its principal place of business in New York and Transocean is a New York corporation. TTT does not dispute that it maintains its principal place of business in Staten Island, New York. Consequently, the third-party complaint must be dismissed for lack of jurisdiction under 28 U.S.C. § 1332.

■ At this point, however, the dominoes begin to tumble since TTT, having conceded its New York citizenship, now moves to dismiss the complaint against it for lack of diversity between TTT and plaintiff Philip Morris. Philip Morris alleges in its complaint that its principal place of business is New York; it nevertheless vigorously resists the motion. Its first, somewhat novel, theory is that it understood from TTT's silence throughout the earlier proceedings that the defense of lack of diversity jurisdiction would not be raised in this civil action, and consequently consented to the dismissal of the State court civil action and federal admiralty action. This assertion is without merit, since the parties cannot in any event consent to confer subject matter jurisdiction where it does not exist, and defects in jurisdiction may be raised at any time—even at trial.

Philip Morris contends next that a corporation's principal place of business is an issue of fact, and that its own jurisdictional allegations in the complaint have no evidentiary significance in that determination. It concedes that New York is its principal place of business under a "nerve center" test, but that under the "actual physical operations" test —which it claims is the favored test in this district—its principal place of business is Virginia. Plaintiff cites in support of its contention Leve v. General Motors Corp., 246 F.Supp. 761 (S.D.N.Y. 1965) in which the court held that the principal place of General Motors' business was Michigan—the focus of most of General Motors' physical operations rather than New York. *Leve* does not support plaintiff's contention that "the physical operations test" controls in this district, since the court found that only "occasional high level policy decisions" were made in New York, with the bulk of policy functions, as well as manufacturing operations, concentrated in Michigan.

■ Putting aside plaintiff's unusual contention that its own jurisdictional allegations should be given no weight, this district favors the "nerve center" approach: a corporation's principal place of business is the center "from which it radiates out to its constituent parts and from which its officers direct, control and co-ordinate all activities without regard to locale, in the furtherance of the corporate objective." Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y.1959), In re Hudson River Nav. Corp., 59 F.2d 971, 974 (2d Cir. 1932). Since plaintiff concedes that its executive operations are located in

New York, there is no need for a hearing on the location of the corporation's other, various activities. We find diversity failing and grant TTT's motion to dismiss.

However Philip Morris asks that, should we dismiss this civil action for lack of diversity, we transfer the case to the "admiralty side" of the court, citing Francese v. United States, 229 F. Supp. 10, 12 (E.D.N.Y.1964); or dismiss on condition that Transocean and TTT will not assert time-bar defenses in a new action in State court.

 In *Francese* the court retained jurisdiction of a civil action defectively brought on diversity jurisdiction, since it clearly stated a claim in admiralty. The court was not there presented, however, with a situation in which, as here, plaintiff consented to the dismissal of an admiralty claim, as well as a civil claim in the State court. As noted above, Philip Morris seems to claim that it had somehow "relied" upon defendants' implied "promise" not to raise the issue of lack of jurisdiction, in permitting its other claims to be dismissed. However, there is nothing in the record before us supporting that assertion. In view of the inadequate state of the record as to the circumstances and equities involved in the prior dismissals, plaintiff's proper remedy is to move to vacate the dismissal of the admiralty claim, pursuant to Rule 60(b), Federal Rules of Civil Procedure, and, if it wishes, to follow a parallel course in the State courts.

Sun Leasing Co.'s renewed motion to dismiss for failure to state a claim, which Philip Morris does not oppose, is granted since it is undisputed that Sun, the owner of the S.S. Ponce de Leon (the putative carrier of the missing cigarettes) chartered the vessel to TTT pursuant to a bareboat charter, relinquishing all control over the vessel. It is settled that a bareboat charterer in the circumstances present here is treated as the owner of the vessel in admiralty. Read v. Yaka, 1963 AMC 1373,

Catherine H. Brittingham v. Tugboat Underwriting Syndicate, 1971 AMC 1639, Gilmore and Black, the Law of Admiralty at 217 (1957).

TTT's and Sun Leasing Co.'s motions to dismiss the complaint in the principal action are granted. Transocean's motion to dismiss the third-party complaint is granted.

It is so ordered.